Daniel Cooper (Bar No. 153576)
daniel@CooperLewand-Martin.com
Jesse C. Swanhuyser (Bar No. 282186)
jesse@CooperLewand-Martin.com
Cooper & Lewand-Martin
1004 O'Reilly Avenue, Suite 100
San Francisco, CA 94129
Tel.: (415) 360-2962

Arthur Pugsley (Bar No. 252200)
arthur@lawaterkeeper.org
Kelly Clark (Bar No. 312251)
kelly@lawaterkeeper.org
Liz Jones (Bar No. 326118)
Liz@lawaterkeeper.org
Los Angeles Waterkeeper
120 Broadway, Suite 105
Santa Monica, CA 90401
Tel.: (310) 394-6162
Fax: (310) 394-6178

Attorneys for Plaintiff
Los Angeles Waterkeeper

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, A PUBLIC BENEFIT NON-PROFIT CORPORATION,<br><br>Plaintiff,<br>vs.<br>AAA PLATING AND INSPECTION, INC. A CALIFORNIA CORPORATION,<br><br>Defendant | Case No.: 2:18-cv-05916-PA-GJS<br><br>JOINT REPORT AND NOTICE OF SETTLEMENT |

2 Ruben Castellón (SBN 154610)
William W. Funderburk Jr. (SBN 176244)
3 **CASTELLÓN & FUNDERBURK LLP**
811 Wilshire Boulevard, Suite 1025
4 Los Angeles, California 90017-2649
Tel: (213) 623-7515 / Fax: (213) 532-3984
5 Email: wfunderburk@candffirm.com, rcastellon@candffirm.com,
dibarra@candffirm.com
6
7 Attorneys for AAA Inspection and Plating, Inc.

10
11
12
13
14
15
16
17
18
19
20
21
22
23 JOINT REPORT AND NOTICE OF SETTLEMENT - 2          2:18-CV-05916-PA-GJS

## Joint Report and Notice of Settlement

On September 27, 2019, Plaintiff Los Angeles Waterkeeper ("Waterkeeper") and Defendant AAA Plating and Inspection, Inc. ("AAA") (collectively, the "Parties") attended a pre-trial conference before the Court where the potential for settlement was discussed. The Court ordered the Parties to provide a Joint Report Regarding the Status of Settlement by October 2, 2019. (ECF Dkt. No. 150.)

On October 2, 2019, the Parties reached an agreement to settle this matter. The specific terms of the Parties' agreement are set forth in the [Proposed] Consent Decree attached here as **Exhibit A**. AAA will fully execute the Consent Decree tomorrow, October 3, 2019. This [Proposed] Consent Decree will be submitted to the Court following the completion of the agency review required by the Clean Water Act and its implementing regulations. Waterkeeper will serve copies of the [Proposed] Consent Decree on the Administrator of the United States Environmental Protection Agency ("EPA"), the Regional Administrator of the EPA, and the United States Attorney General, Citizen Suit Coordinator (collectively "the Agencies") tomorrow as required by 40 C.F.R. § 135.5.

Citizen plaintiffs are required to notify the Court upon receiving notice that the agencies have received the parties' proposed consent judgment. *Id.* Pursuant to 40 C.F.R. § 135.5, the Agencies have 45 days from the date of receipt to review a proposed consent decree and to submit comments to the Court and the Parties, if any. The Court may sign and enter the Consent Decree following the 45-day review period. *See* 40 C.F.R. § 135.5. Waterkeeper will therefore submit the

[Proposed] Consent Decree to the Court, along with a proposed Order, for the Court's consideration upon expiration of the 45-day review period.

Dated: October 2, 2019

_____
Daniel Cooper
Cooper & Lewand-Martin, Inc.
Attorneys for Plaintiff Los Angeles Waterkeeper

/S/
_____
Ruben Castellón
CASTELLÓN & FUNDERBURK LLP
Attorneys for Defendant AAA Plating and Inspection, Inc.

**Exhibit A**

Daniel Cooper (153576)
daniel@cooperlewand-martin.com
Jesse C. Swanhuyser (282186)
jesse@cooperlewand-martin.com
COOPER & LEWAND-MARTIN, INC.
1005 O'Reilly Ave
San Francisco, CA 94129
(415) 360-2962

Attorney for Plaintiff LOS ANGELES WATERKEEPER
*Additional Plaintiff's Counsel Listed On Next Page*

William W. Funderburk, Jr. (SBN 176244)
wfunderburk@candffirm.com
Ruben Castellón (SBN 154610)
rcastellon@candffirm.com
CASTELLÓN & FUNDERBURK LLP
811 Wilshire Blvd., Suite 1025
Los Angeles, CA 90017
Tel: (213) 623.7515
Fax: (213) 532.8984

Attorneys for Defendant
AAA PLATING AND INSPECTION, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AAA PLATING & INSPECTION, INC., a California corporation,<br><br>　　　　Defendant. | Case No. 2:18-cv-05916-PA-GJS<br><br>**[proposed] CONSENT DECREE AND ORDER**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq.*) |

Arthur Pugsley (SBN 252200)
Arthur@lawaterkeeper.org
Kelly Clark (SBN 312251)
Kelly@lawaterkeeper.org
Elizabeth Jones (SBN 326118)
Liz@lawaterkeeper.org
LOS ANGELES WATERKEEPER
120 Broadway, Suite 105
Santa Monica, CA 90401
Tel: (310) 394-6162
Fax: (310) 394-6178

# CONSENT DECREE

**WHEREAS,** Los Angeles Waterkeeper ("Waterkeeper") is a 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California, with its main office in Santa Monica, California;

**WHEREAS,** Waterkeeper is dedicated to the preservation, protection and defense of the surface, ground, coastal, and ocean waters of Los Angeles County from all sources of pollution and degradation;

**WHEREAS,** AAA Plating and Inspection, Inc. ("AAA" or "Defendant") owns and operates an industrial facility at and/or near 424 East Dixon Street in Compton, California ("Facility");

**WHEREAS**, stormwater discharges associated with industrial activity at the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 2014-57-DWQ ("Stormwater Permit" or "Permit"), and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342.

**WHEREAS**, on May 7, 2018, Waterkeeper issued a notice of intent to file suit ("60-Day Notice") to AAA, its registered agent, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Water Board"), the Executive Director of the Los Angeles Regional Water Quality Control Board ("Regional Water Board"), and the Regional Administrator of EPA Region IX, alleging violations of the Clean Water Act and the Stormwater Permit, Water Quality Order No. 92-12-DWQ, as amended by Water Quality Order 97-03-DWQ, and as amended by Water Quality Order 2014-0057-DWQ, at the Facility;

**WHEREAS**, on July 6, 2018, Waterkeeper filed a complaint against AAA in the Central District of California, Civil Case No. 2:18-cv-5916 ("Complaint").

**WHEREAS**, AAA denies all allegations set forth in the 60-Day Notice Letter and Complaint.

**WHEREAS**, Waterkeeper and AAA (collectively "Settling Parties" or "Parties") without either adjudication of Plaintiff's claims or any admission by Defendant of any alleged violation or other wrongdoing, believe it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the 60-Day Notice and Complaint without further proceedings;

**WHEREAS**, all actions taken by the AAA pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The Court has and shall retain jurisdiction over this action for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree, or as long thereafter as necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised within the two (2) year term of this Consent Decree.

**I.  OBJECTIVES**

2. It is the express purpose of the Setting Parties through this Consent Decree to further the objectives of the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, and to resolve all issues alleged by Waterkeeper in its 60-Day Notice and Complaint. These objectives include compliance with the provisions of this Consent Decree, compliance with all terms and conditions of the Stormwater Permit, and compliance with all applicable sections of the CWA.

3. In light of these objectives and as set forth fully below, AAA agrees to comply with the provisions of this Consent Decree, terms and conditions of the Stormwater Permit, and all applicable sections of the CWA at the Facility.

## II. AGENCY REVIEW AND CONSENT DECREE TERM

### A. Agency Review of Consent Decree

4. <u>Agency Review</u>. Waterkeeper shall submit this Consent Decree to the United States Department of Justice and the EPA (the "Federal Agencies"), within three (3) business days of the final signature of the Parties, for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by written acknowledgement of receipt by the agencies or the certified return receipts, copies of which shall be provided to AAA. In the event that the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies.

5. <u>Court Notice</u>. Waterkeeper shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order to coordinate the Court's calendar with the 45-day review period.

6. <u>Entry of Consent Decree</u>. Following expiration of the Federal Agencies' 45-day review period, Waterkeeper shall submit the Consent Decree to the Court for entry.

### B. Effective Date and Term of Consent Decree

7. <u>Effective Date</u>. The Effective Date of this Consent Decree shall be the date of entry by the Court.

8. <u>Term & Termination</u>. This Consent Decree shall terminate two (2) years from the Effective Date unless one of the Settling Parties has invoked Dispute Resolution and/or seeks early termination of this Consent Decree in accordance with Section IV of this Consent Decree, in which case the Consent Decree will terminate within the earlier of fifteen (15) days of notice by the Settling Parties that invoked

Dispute Resolution that the dispute has been fully resolved or an order of the Court resolving the dispute and terminating the Consent Decree.

### III. COMMITMENTS OF THE PARTIES

#### A. Industrial Storm Water Pollution Control Measures

9. Within forty-five (45) days of the Effective Date, AAA shall prepare, and provide to Waterkeeper, a written plan ("Compliance Plan") detailing how the Facility will design and install (and thereafter maintain) one, or a combination of, the following stormwater pollution control measures in compliance with the Compliance Standard:

A) Infrastructure to capture/store, treat/pre-treat and then infiltrate stormwater on-site into subsurface soils, using a trench and/or well design, and all pre-treatment and/or monitoring necessary to prevent groundwater contamination (pre-infiltration treatment to meet applicable primary MCLs, vadose zone monitoring by lysimeter system or equivalent, or infiltration BMPs to demonstrate compliance with applicable primary MCLs); and/or

B) Infrastructure to capture, treat/pre-treat, and retain stormwater on-site for re-use in the Facility's industrial processes.

C) The constituents that AAA will sample shall be based on the SWPPP pollutant source assessment and contained in the monitoring plan.

10. <u>Compliance Standard</u>. The stormwater pollution control measures described in the Compliance Plan must be designed according to the 2015 Permit's standard of preventing discharge from an 85th percentile 24-hour precipitation event ("Compliance Standard") from Industrial Areas. See 2015 Permit, § X.H.6. Any stormwater discharge from Industrial Areas occurring below the Compliance Standard will be a violation of this Consent Decree. The Facility may discharge stormwater above the Compliance Standard.

11. <u>Compliance Plan</u>. The Compliance Plan may include, where applicable, industrial areas depending on the details of AAA's selection of one or a combination of the stormwater pollution control measures described in paragraph 10 above: (1) calculations of the Facility's stormwater flow volumes, and any data (and source) used to determine the Compliance Standard; (2) certification that stormwater falling within the Facility boundary, including all stormwater drainage from industrial roofs, will be captured by the proposed system(s) up to the Compliance Standard; (3) demonstration that proposed storage systems and/or storage capacity are sufficient to meet the Compliance Standard; (4) characterization(s) of the subsurface soil, vadose zone, and groundwater hydrology; (5) description and justification of any treatment processes proposed; and (6) proposed pre-infiltration treatment and/or monitoring protocol(s) necessary to prevent groundwater contamination.

12. <u>Compliance Plan Review</u>. Waterkeeper shall have thirty (30) days from receipt of the Compliance Plan to comment in writing. AAA will consider in good faith Waterkeeper's written comments;

13. <u>Implementation Deadline</u>. Stormwater pollution control measures described in the Compliance Plan must be fully implemented and fully operational by October 1, 2020.

14. <u>Excuse</u>. AAA's lack of compliance shall be excused to the extent delays in implementation are caused by government permitting delays, consistent with the Force Majeure provision as set forth in Paragraph 41 below. AAA shall notify Waterkeeper of any government permitting delays that are likely to result in missing the October 1, 2020 deadline, and shall meet and confer with Waterkeeper to agree on a reasonable extension of the deadline.

15. <u>SWPPP Revision</u>. AAA shall document the completion of the stormwater pollution control measures described in the Compliance Plan by uploading an amended

SWPPP to SMARTS incorporating the new BMPs and any monitoring protocol(s) if applicable, by October 1, 2020.

16. <u>Non-Storm Water Dischargers</u>: All non-stormwater discharges ("NSWDs") from the Facility must be authorized by the Stormwater Permit or another NPDES permit.

17. Any disputes about the development or implementation of the Compliance Plan or any related SWPPP shall be resolved pursuant to the dispute resolution procedures set out in Section IV of this Consent Decree.

**B. Compliance Monitoring and Reporting**

18. <u>Annual Site Inspection</u>. Waterkeeper may conduct one annual site inspection ("Site Inspection") for the purpose of ensuring compliance with this Consent Decree and the Permit during the term of this Consent Decree. Any Site Inspection shall occur during normal business hours, and Waterkeeper will provide AAA with as much notice as possible, but at least twenty-four (24) hours notice prior to a Site Inspection. Waterkeeper agrees that all individuals participating in any Site Inspection will execute, waivers or releases, and will comply with all safety instructions and confidentiality agreement provided to Waterkeeper's representatives by AAA's staff. No Site Inspection pursuant to this paragraph shall exceed 3 hours.

19. <u>Document Provision</u>. During the term of this Consent Decree, AAA shall copy Waterkeeper on documents and other written Permit-related communications regarding the Facility submitted to the Regional Water Board, the State Water Board, and/or any Federal, State, local agency, county, or municipality. Any Permit-related correspondence received by AAA from any Federal, State, local agency, county, or municipality shall be provided to Waterkeeper via email within ten (10) business days of receipt by AAA.

**C. Litigation Fees and Costs**

20. <u>Waterkeeper's Fees and Costs</u>. AAA agrees to partially reimburse Waterkeeper for its fees and costs incurred in this action, in an amount of totaling five hundred eighty-three thousand five hundred dollars ($583,500.00). Payment in full shall be made within fifteen (15) days of execution by the parties and delivered by wire transfer to the

21. Cooper & Lewand-Martin Attorney Client Trust Account.

22. Waterkeeper shall retain the fees and costs payment in trust until this Consent Decree is entered in this action. If the Court does not enter the Consent Decree for any reason within 180 days of the expiration of the 45-day agency review period, Waterkeeper will return $583,500.00 to AAA, and this Consent Decree and settlement shall be null and void.

## IV. DISPUTE RESOLUTION

23. This Court shall retain jurisdiction over this matter for the term of this Consent Decree for the purposes of enforcing its terms and conditions, and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

24. <u>Meet and Confer</u>. Either party to this Consent Decree may invoke the dispute resolution procedures of this Section IV by notifying the other party in writing of the matter(s) in dispute and of the disputing party's proposal for resolution. The Parties shall then meet and confer in good faith (either telephonically or in person) within ten (10) days of the date of the notice in an attempt to fully resolve the dispute no later than thirty (30) calendar days from the date of the notice.

25. <u>Motion</u>. In the event that the Parties cannot resolve the dispute within thirty (30) days of the Meet and Confer, the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the

1 Central District of California. The Parties agree to request an expedited hearing schedule
2 on the motion.

3       26.     The Parties shall be entitled to seek fees and costs incurred in the informal
4 and formal Dispute Resolution process described in this section pursuant to the
5 provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. 1365(d), Rule
6 11 of the Federal Rules of Civil Procedure, and applicable case law interpreting such
7 provisions.

**V.  MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE**

      27.    <u>Waterkeeper's Waiver and Release of AAA</u>. In consideration of the above, upon the Effective Date of this Consent Decree, Waterkeeper, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates and each of its successors and assigns, releases AAA, its officers, directors, managers, employees, members, successors or assigns, agents, attorneys and other representatives, from and waives all claims that were or could have been raised in the 60-Day Notice and/or the Complaint up to and including the Termination Date of this Consent Decree.

      28.    <u>AAA's Waiver and Release of Waterkeeper</u>. In consideration of the above, upon the Effective Date of this Consent Decree, AAA, on its own behalf and on behalf of its officers, directors, employees, and each of their successors and assigns, releases Waterkeeper, its officers, directors, managers, employees, members, successors or assigns, agents, attorneys and other representatives, from and waives all claims related to the 60-Day Notices and/or the Complaint up to and including the Termination Date of this Consent Decree.

      29.     Nothing in this Consent Decree limits or otherwise affects Waterkeeper's rights to address or take any position that it deems necessary or appropriate in an informal or formal proceeding before the State Water Board, Regional Water Board, EPA, or any other judicial or administrative body on any matter relating to AAA's compliance at the Facility with the Stormwater Permit or the Clean Water Act, but,

except as noted in the next sentence, only to the extent that the relevant facts occur or arise after entry of this Consent Decree. In such proceedings, Waterkeeper or AAA may use pre-Consent Decree information related to the Facility as background information but not to establish any compliance or non-compliance.

## VI. MISCELLANEOUS PROVISIONS

30. <u>No Admission of Liability</u>. Neither the Consent Decree nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, or acknowledgement of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. AAA maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

31. <u>Counterparts</u>. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

32. <u>Authority</u>. The undersigned representatives for Waterkeeper and AAA each certify that s/he is fully authorized by the party whom s/he represents to enter into this Consent Decree. A Party's signature to this Consent Decree transmitted by facsimile or electronic mail shall be deemed binding.

33. <u>Construction</u>. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Permit, the Clean Water Act, or specifically herein. The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

34. <u>Full Settlement</u>. This Consent Decree constitutes a full and final settlement of this matter.

35. <u>Integration Clause</u>.  This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

36. <u>Severability</u>.  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

37. <u>Choice of Law</u>.  The laws of the United States shall govern this Consent Decree.

38. <u>Negotiated Settlement</u>. The Settling Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

39. <u>Modification of the Consent Decree</u>.  This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court.

40. <u>Assignment</u>. Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties, and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns. AAA shall notify Waterkeeper within ten (10) days of any assignment.

41. <u>Force Majeure</u>. Neither of the Parties shall be considered to be in default in the performance of any of their respective obligations under this Consent Decree when performance becomes impossible due to a Force Majeure event. A Force Majeure event is any circumstance beyond a Settling Party's control, including without limitation, any act of God, war, fire, earthquake, flood, windstorm, or natural catastrophe; criminal acts; civil disturbance, vandalism, sabotage, or terrorism; unexpected and unintended

accidents; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency. A Force Majeure event shall not include normal inclement weather, economic hardship, inability to pay, or employee negligence. Any party seeking to rely upon this paragraph to excuse or postpone performance shall have the burden of establishing that it could not reasonably have expected to avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance. The Parties shall exercise due diligence to resolve and remove any force majeure event. In no circumstances shall a claim of inability to pay be considered a force majeure event.

42. <u>Correspondence</u>. All notices required herein or any other correspondence pertaining to this Consent Decree shall be, the extent feasible, sent via electronic mail transmission to the e-mail address listed below, or if electronic mail is not feasible, then by certified U.S. mail with return receipt, or by hand delivery to the following addresses:

| If to Plaintiff: | If to Defendant: |
|---|---|
| Daniel Cooper<br>Cooper & Lewand-Martin, Inc.<br>1004 O'Reilly Ave<br>San Francisco, CA 94129<br>daniel@cooperlewand-martin.com | William W. Funderburk<br>Castellón & Funderburk LLP<br>811 Wilshire Blvd Ste 1025<br>Los Angeles, CA 90017-2649<br>wfunderburk@candffirm.com |
| With copies to: | With copies to: |
| Kelly Clark, Staff Attorney<br>Liz Jones, Staff Attorney<br>Los Angeles Waterkeeper<br>120 Broadway, Suite 105<br>Santa Monica, CA 90401.<br>kelly@lawaterkeeper.org<br>liz@lawaterkeeper.org | Gerald Wahlin<br>Brian Ward<br>424 E. Dixon Street<br>Compton, CA 90222<br>jerrywah1@yahoo.com<br>brian@aaaplating.com |

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving party. Any change of address or addresses shall be communicated in the manner described above for giving notices.

43. <u>Requests for Records</u>. Under any section of this Consent Decree that allows Waterkeeper to make a written request for AAA's SWPPP related records, Waterkeeper shall not make such unreasonable or frequent requests so as to become an administrative burden on AAA.

The Settling Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry of final judgment.

IN WITNESS WHEREOF, the undersigned have executed this [proposed] Consent Decree as of the date set forth below.

**APPROVED AS TO CONTENT**

LOS ANGELES WATERKEEPER | AAA PLATING & INSPECTION, INC.

by: /s/ Bruce Reznik
Bruce Reznik
Executive Director

Date: October 2, 2019

by: _____
Gerald Wahlin
CEO

Date: _____, 2019

**APPROVED AS TO FORM**

Cooper & Lewand-Martin, Inc,

by: /s/ Daniel Cooper
Daniel Cooper
Attorney for Waterkeeper

Date: 2 Oct, 2019

CASTELLÓN & FUNDERBURK LLP

by: _____
William Funderburk
Attorney for Defendant

Date: _____, 2019

**IT IS SO ORDERED:**

Date: _____

_____
Honorable Percy Anderson
DISTRICT COURT JUDGE
CENTRAL DISTRICT OF CALIFORNIA